IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00213-RPM

ARLIN A. AUSTIN,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

_____

ORDER AFFIRMING DECISION
_____

      On June 9, 2004, an Administrative Law Judge ("ALJ") denied the application of Arlin A. Austin for Disability Insurance Benefits under the Social Security Act, filed in October 3, 2002, alleging onset on January 30, 2001.  The ALJ found that Austin had impairments of Post Traumatic Stress Disorder, affective disorder, ankle fracture and obesity but retains residual functional capacity to perform the jobs of street sweeper and dry cleaner according to the testimony of a Vocational Expert (VE).  Accordingly, the ALJ denied disability at Step 5 of the sequential evaluation process.

      The Appeals Council vacated that decision and remanded the application with instructions to the ALJ to further evaluate the claimant's mental impairments, obtain updated evidence concerning his Post Traumatic Stress Disorder and "if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base...."  R. 69. The ALJ was further instructed to identify and resolve any conflicts between the VE's

occupational evidence and the Dictionary of Occupational Titles (D.O.T.).

The same ALJ conducted a supplemental hearing on June 24, 2005, and issued a second denial decision on July 14, 2005, which became the Commissioner's final decision upon denial of review by the Appeals Council. That decision is now before this Court for review under 42 U.S.C. § 405(g). The plaintiff is now represented by different counsel from the lawyer who appeared with him at the ALJ's hearings.

Mr. Austin is a veteran, having served with the United States Marine Corps from 1967 to 1971, including combat service as a helicopter crew chief in Vietnam. It is undisputed that he is impaired by Post Traumatic Stress Disorder resulting from that service. He has received treatment through the medical facilities of the Veterans Administration, including hospitalization at the VAMC in Grand Junction, Colorado, for 11 days in August, 2001, and participation in a PTSD program at a VA facility in Sheridan, Wyoming, from November 30, 2001, to January 11, 2002.

Dr. Jennifer Kennedy, a VA psychiatrist, has supervised Mr. Austin's treatment since March, 1998, and the medical records submitted to the ALJ have included many of her evaluations and observations, including GAF scores ranging from 35 to 50. On March 25, 2005, Dr. Kennedy filled out a Mental Residual Functional Capacity Assessment form for the Social Security Administration. R. 280-282. She noted the claimant is "markedly limited" in most of the measurements of capacity to sustain work activity.

The ALJ in both of his decisions rejected Dr. Kennedy's assessments on that form, explaining that her GAF ratings in the 40's during 2002 were not supported by her

objective findings in her reports of treatment, which the ALJ detailed in the July 14, 2005, decision.  The ALJ gave great weight to the opinion of James J. Wanstrath, Ph.D., a State agency psychologist who reviewed the medical records and formed his opinion that prior to December 31, 2002, the last date of insured status, Mr. Austin would be able to perform work that does not involve more than limited complexity and attention to detail, with minimal to no interaction with the general public and not working closely with supervisors or co-workers.  That was the core of the hypothetical question posed by the ALJ to the VE at the first hearing on March 2, 2004, leading to his response that Mr. Austin could be a street sweeper and a dry cleaner, both light duty jobs.  The VE did not identify those two jobs more specifically or provide the D.O.T. numbers he was relying on.

In this review, the principal argument presented is that the ALJ did not comply with the remand order of the Appeals Council to obtain supplemental vocational evidence.

The ALJ did not seek any additional VE testimony at the second hearing.  The plaintiff has given D.O.T. 919.683-022 for Street Sweeper Operator, as requiring operation of a sweeping machine along the road.  That he claims is inconsistent with the ALJ's hypothetical that excluded operation of foot or leg controls because the claimant has some limitation resulting from an ankle fracture.  It is argued that it is difficult to see how he could operate a vehicle if he cannot use foot controls.  Mr. Austin does drive an automobile and he does have a driver's license.  There is no inconsistency.

The plaintiff also argues that the VE's description of the dry cleaner job appears to be one at the medium exertional level.

It is troubling that the ALJ did not require more specific testimony from a VE at the second hearing in light of the language of the remand order.  The Appeals Council did qualify its direction by giving the ALJ discretion and within the limitations of this judicial review, it cannot be said that there was an abuse of discretion.  Notably, the claimant's former attorney did not raise this argument in seeking a second review by the Appeals Council.

The ALJ discounted the claimant's testimony concerning the limitations on his daily activities but explained his reasons adequately.

The claimant's work history has been in a family owned creamery and on a cattle ranch.  It is unrealistic to expect that he will be able to adjust his lifestyle to the jobs for which the ALJ found him to be capable of performing based on the limited testimony of the VE.  Yet, the system is rooted in an artificiality of expectations which this Court cannot change and the denial of disability under review is in accord with the system.

After review of the record, there is no basis for finding an error of law or an insufficiency of the evidence supporting the denial decision.  Accordingly, it is

ORDERED that the decision is affirmed and this civil action dismissed.

DATED:   February 20th, 2007

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge